UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mihretu Bulti Dasisa, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-0807 (CKK) |
| University of Massachusetts, *et al.*, | ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Plaintiff, a Washington, D.C. resident proceeding *pro se*, sues the University of Massachusetts and California State University purportedly under the Court's diversity jurisdiction. He accuses each defendant of breach of contract, negligence, infliction of emotional distress, discrimination, and retaliation for allegedly cancelling his student financial aid. Plaintiff seeks $30 million in damages. Each defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3) and (b)(6). Upon consideration of the parties' submissions and the entire record, the Court will grant each motion.

Each defendant moves to dismiss the complaint on the ground of sovereign immunity.[1] The Eleventh Amendment immunizes a state and state agencies from suit in the federal courts,

---

[1] To the extent that defendants assert this ground for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the Supreme Court has questioned but not determined whether Eleventh Amendment immunity constitutes a limitation on the court's subject-matter jurisdiction. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391-92, 118 S.Ct. 2047, 2054 (1998); *id.*, 524 U.S. at 393, at 118 S.Ct. at 2055 (Kennedy, J., concurring); *U.S. ex rel. Long v. SCS Business & Technical Institute, Inc.,* 173 F.3d 890, 892 D.C. Cir. 1999) ("the [Supreme] Court has frankly recognized that the Eleventh Amendment is a rather peculiar kind of "jurisdictional" issue.")(citation omitted).

unless immunity is waived.[2]  *See Barbour v. Washington Metropolitan Area Transit Authority,* 374 F.3d 1161, 1163 (D.C. Cir. 2004); *Duncan v. Washington Metropolitan Area Transit Authority,* 214 F.R.D. 43, 45-46 (D.D.C. 2003) (citing cases).  A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'"  *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted).

Defendants assert that they are instrumentalities of their respective states and therefore are entitled to immunity.  *See* Defendant University of Massachusetts' Motion to Dismiss at 10-11 (citing, *inter alia*, *McNamara v. Honeyman*, 546 N.E.2d 139, 142 (Mass. 1989)) ("All of these factors indicate that the university is an agency of the State, and not a separate entity."); Motion to Dismiss on Behalf of Defendant the Board of Trustees of the California State University at 9; *Seater v. California State University, Fullerton*, 48 F.3d 1228, (9th Cir. 1995)(Table) ("California state colleges and universities, are [] immune from private damage actions or suits for injunctive relief brought in federal court. . . .").  Plaintiff has not refuted either defendant's general claim of sovereign immunity by pointing to authority that supports a waiver.  The Court therefore will grant each defendant's motion based on immunity as it pertains to the non-federal claims, *i.e.*, breach of contract, negligence, and infliction of emotional distress.  The Court will also grant the motion on immunity grounds as it pertains to plaintiff's claim of retaliation arising under the qui tam and whistleblower provisions of the False Claims Act ("FCA"), 31 U.S.C.

---

[2]  The Eleventh Amendment provides in pertinent part that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.

§ 3729 *et seq, see* Complaint at 3, inasmuch as the District of Columbia Circuit has explicitly held that states cannot be held liable as "persons" under the FCA. *U.S. ex rel. Long v. SCS Business & Technical Institute, Inc.,* 173 F.3d 870, 873 (D.C. Cir. 1999).

A waiver of sovereign immunity may be determined in one of two ways. A state may consent to be sued or, as in this case, "Congress may exercise its enforcement power under § 5 of the Fourteenth Amendment to abrogate a state's immunity without its consent." *Barbour v. Washington Metropolitan Area Transit Authority,* 374 F.3d at 1163. Plaintiff invokes Title IX of the Civil Rights Act of 1964 as the basis of his discrimination claim. *See* Complaint at 3. Under that statute proscribing gender discrimination, "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7(a)(1). Plaintiff implies that defendants receive federal funds, *see* Complaint at 2, and neither defendant has claimed otherwise. The Court therefore concludes that defendants are not immune from a claim arising under Title IX.[3]

As alternative grounds for dismissal, each defendant has asserted that this Court lacks personal jurisdiction over it and this venue is improper for litigating the case. Plaintiff, who has the burden of establishing jurisdiction, has not refuted the former claim by presenting a basis for this Court to exercise jurisdiction over the non-resident defendants under the District of Columbia's long-arm statute. *See* D.C. Code § 13-423. Moreover, the alleged events giving

---

[3] "[T]he presence . . . of a claim that the Eleventh Amendment may bar does not destroy [original] jurisdiction that would otherwise exist" over claims not barred. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. at 386, 118 S.Ct. at 2051 (discussing claims in cases removed from state court).

rise to the claims arose in Massachusetts and California.  Venue in this Court therefore is improper.  *See* 28 U.S.C. § 1391(a)-(b).  The Court will grant the motions to dismiss the Title IX claim pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and (b)(3) (improper venue).

For the preceding reasons, the Court grants each defendant's motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: October 24, 2005